

**SO ORDERED.**

**SIGNED this 25 day of February, 2020.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-03500-5-SWH** |
| **CHRISTOPHER JEFFREY JONES,** | **CHAPTER 13** |
| **DEBTOR** | |

### ORDER REGARDING TRUSTEE NOTICE OF CHANGE IN CHAPTER 13 PLAN

The matter before the court is the Notice of Change in Chapter 13 Plan filed by the Chapter 13 Trustee, John F. Logan, on November 26, 2019. Dkt. 29. A response objecting to the notice was filed by the debtor on November 27, 2019 (Dkt. 30), and a hearing was held on December 19, 2019, in Raleigh, North Carolina. For the reasons that follow, the Trustee's notice will be disallowed.

### PROCEDURAL HISTORY

The debtor filed a petition under chapter 13 of the Bankruptcy Code on July 18, 2017, and the debtor's plan was confirmed on October 2, 2017. Dkt. 16. The plan requires the debtor to pay to the trustee "aggregate payments of $35,160.00, which amount is the 'Plan Base,' and such payments shall be paid as follows: 60 MONTHS @ $586.00. The Debtor's applicable commitment period under 11 U.S.C. § 1325(b)(4) is 36 months." Dkt. 11 at 1. In addition, the plan

> established a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool" as provided for in 11 U.S.C. § 1325(b)(1)(B). The Plan established the Unsecured Pool in this case as $0.00. After satisfaction of all allowed priority and administrative claims, unsecured creditors shall receive their *pro rata* portion of any funds remaining in the Unsecured Pool;
>
> . . .
>
> Since various factors, including but not limited to periodic fluctuation of the Trustee's commission during the course of this case, may affect the amount of funds in the Unsecured Pool available for distribution to unsecured creditors, the Unsecured Pool shall be increases [sic] by the "base" amount not needed to satisfy allowed security, priority, and administrative claims (including the Trustee's commission).

*Id*.

On October 24, 2019, the debtor filed a motion to incur debt requesting approval of the debtor's purchase and financing of residential real property. In that motion, the debtor represented that he had "paid a total of $15,822.00 to the Chapter 13 Trustee and is current on payments through October 2019." Dkt. 21. The motion sought permission to incur the debt necessary to finance the "purchase of residential property costing no more than $240,000.00 with monthly payments not to exceed $1,200.00" and, as is typical, requested that the court approve payment of a fee to the debtor's attorney as compensation for filing the motion. Specifically, the motion requests that "the undersigned counsel be granted the presumptive non-base fee of $200.00 to be paid as an administrative priority claim by the Chapter 13 Trustee." On November 1, 2019, the trustee filed a response to the motion in which he sought a hearing on grounds that he had requested, but not yet received, additional information on the proposed purchase. The trustee did not object to payment of the fee as an administrative expense. A brief hearing took place in Raleigh on November 19, 2019, after which the court entered an order allowing the motion to incur debt and an award of the requested fees. Dkt. 27.

2

On November 26, 2019, the trustee, pursuant to local rule, filed a notice captioned "Notice of Plan Payment Change" ("the Notice"), which provides as follows:

> An Order was entered on November 20, 2019, allowing additional attorney fees or other expenses in the amount of $250.00.[1]  The Trustee cannot extend the plan to include the allowed fees and Trustee commissions thereon.  Accordingly, an increase in the Chapter 13 Plan payment is required to accommodate payment of the allowed fees and commissions.
>
> Therefore, beginning with the payment due December 01, 2019, the Chapter 13 Plan payment will increase to $593.00.  Accordingly, pursuant to the Order, the plan base is hereby modified to be $35,384.00.

Dkt. 29 at 1.  The local rule authorizing the trustee's Notice is Local Bankruptcy Rule 2016-1(a)(10) ("Compensation of Professionals"), which provides in relevant part:

> (a)(10)  PAYMENT OF ATTORNEY FEES/MODIFICATION OF PLAN.  The following will be treated and paid as administrative expenses of the chapter 13 case:
>  (A)  the standard base fee, less any partial base fee paid prior to filing the chapter 13 petition; and
>  (B)  any additional amounts awarded in excess of the standard base fee or for non-base services.
>
> These fees shall be paid by the trustee at the rate set in the Administrative Guide to Practice and Procedure unless the court directs otherwise.  *The trustee may, without application to the court, modify the chapter 13 plan to extend the duration of the plan and/or to increase the monthly amount of the plan payment in order to provide the funds necessary to pay attorney fees.*  The trustee must notify the debtor and the debtor's attorney of the plan modification.

E.D.N.C. LBR 2016-1(a)(10) (emphasis added).

The debtor filed a response objecting to the Notice, and sought disallowance of it on grounds that modification of a plan must be by way of motion, not notice; further, "a request to modify plan must identify the proponent and be filed along with the proposed modification," and the affected parties must be given 21 days to respond to the request.  Dkt. 30 at 1.  Here, the debtor argues, the

---

[1] The debtor's motion sought, and the court's order awarded, fees in the amount of $200.00, not $250.00.

3

trustee filed a notice rather than a motion requesting modification, and did not provide for a 21-day response time. *Id.* Because the debtor's motion for permission to incur debt was required by E.D.N.C. LBR 4002-1(g)(5), he contends, the non-base fee awarded in connection with filing it is in the nature of an administrative expense claim and is, on that basis, to be paid in accordance with the priorities established by the Bankruptcy Code. The payment of any higher priority allowed claim, the debtor reasons, will by definition reduce the payout to unsecured creditors, unless the confirmed plan provides for a set distribution to that class. The debtor requested that the court deem the trustee's Notice noncompliant, with the effect being that the plan remains unchanged and the $200 fee awarded in the November 20, 2019 order is to be treated as an administrative claim pursuant to the plan.

The posture of this case notwithstanding, the real issue here is the appropriate approach the court and parties should take with regard to the treatment of fee awards in chapter 13 cases, including the presumptive $200 attorney fee requested by the debtor's counsel in this case. Specifically at issue is whether an awarded fee is an administrative expense to be paid out of the base plan (as the debtor argues), or whether it should be paid by the debtor outside of and at the conclusion of the plan (the trustee's preference), or whether the fee should be incorporated into the plan by way of modification, as the trustee's Notice in this case purports to do. The members of the local bankruptcy bar hold a wide range of strong opinions on this issue. Discussion during the hearing, solicited by the court, was robust and included at varying points the input from chapter 13 practitioners present in the gallery for other matters, who offered their views in a bankruptcy flash mob chorus that the court found quite helpful. Because the issue is unsettled and in the interest of promoting consistency throughout this district, the court took the matter under advisement.

Having undertaken further review, it is apparent that the Notice filed by the trustee cannot, and does not, operate to modify the debtor's chapter 13 plan. The court agrees with the debtor that while the Notice satisfies the applicable local rule, it does not comport with 11 U.S.C. § 1329(a) or the body of case law interpreting that statute and is, for that reason, noncompliant. It is well-established that determining "whether chapter 13 plan modification is warranted is a multi-step process," and requires the participation and oversight of the bankruptcy court:

> Specifically, a bankruptcy court must "first determine if the debtor experienced a 'substantial' and 'unanticipated' change in his post-confirmation financial condition" which serves to "inform the bankruptcy court on the question of whether the doctrine of *res judicata* prevents modification of the confirmed plan." *In re Murphy*, 474 F.3d 143, 150 (4th Cir. 2007) (citations omitted). If the requisite change is established, the court may then proceed to consider whether the plan modification is for one of the purposes enumerated in § 1329(a). If answered affirmatively, the court must finally consider whether the proposed modification conforms to § 1329(b). In short, "[t]o summarize, in order to justify the modification of a confirmed plan, the movant must demonstrate: (1) a substantial and unanticipated change in circumstance; (2) that the modification is for one of the purposes listed in §1329(a); and (3) that the proposed modification will comply with § 1329(b)."

*In re Matusak*, Case No. 14-2032-5-SWH, 2017 WL 4174361 at *3 (Bankr. E.D.N.C. Sept. 19, 2017). None of those steps was followed in this case, nor were any initiated by the movant, because there is no movant here; instead, the trustee sought to modify the plan pursuant to LBR 2016-1(a)(10).

It is apparent to the court that the local rule, while expedient and practical in terms of case administration, is at odds with the plain language of 11 U.S.C. § 1329(a), which sets out the process by which a plan may be modified after confirmation:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to–
>     (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

5

>   (2) extend or reduce the time for such payments;
>   (3) alter the amount of the distribution to a creditor whose claim is provided for
> by the plan to the extent necessary to take account of any payment of such claim
> other than under the plan ....

The trustee may seek modification of a confirmed plan, but must do so by way of "request" – *i.e.*, by making application to the court, and thereafter satisfying the established standards in this circuit as set forth in *In re Murphy*, 474 F.3d 143 (4th Cir. 2007). It appears to the court that the language included in LBR 2016-1(a)(10) is improper, and that compliance with it does not excuse the failure to comply with § 1329(a).

## CONCLUSION

For the foregoing reasons, the trustee's Notice is not effective, is DISALLOWED, and the debtor's chapter 13 plan is not modified. The $200 fee was awarded and shall be paid as an allowed administrative claim. This decision is without prejudice to any holder of an allowed unsecured claim, the trustee, or the debtor filing a motion to modify the plan pursuant to 11 U.S.C. § 1329. The court will modify LBR 2016-1(a)(10) to be consistent with § 1329(a).

**END OF DOCUMENT**